
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RESA WITT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CV No.: _____ |
| v. ) | |
| ) | |
| **AMERICAN UNITED** ) | |
| **LIFE INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** the plaintiff, Resa Witt, and files this Complaint for long term disability benefits, per a contractual agreement with American United Life Insurance Company. In support of her Complaint, Plaintiff shows this Court the following:

### Jurisdiction and Venue

This court has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*, including 29 U.S.C. § 1132(a)(1)(B). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

### Parties

1) Plaintiff Resa Witt is a disabled individual who was formerly employed by Phil Campbell High School, of the Franklin County School System as a teacher, and is eligible for group benefits under a plan made available by her

1

former employer. The agreement for coverage, together with its associated documents and contract between American United Life Insurance Company ("AUL") and Witt's employer constitute an employee welfare benefit plan as the term is used in the Employee Retirement Income Security Act, 29 U.S.C. § 1002(1).

2) Defendant American United Life Insurance Company ("AUL") is a resident citizen of Indianapolis, Indiana. AUL serves as an ERISA fiduciary and/or plan administrator providing benefits for the Plaintiff in the state of Alabama and is otherwise doing business in this federal district.

## Claim History

3) At all times relevant to this lawsuit, Plaintiff was eligible for coverage under a long-term disability plan administered by AUL. AUL is a fiduciary holding sole responsibility for making benefit decisions related to the plan.

4) Under the plan, Plaintiff was entitled to 60% of her last covered monthly earnings, not exceeding $6,000 per month, less other income benefits.

5) The plan defines total disability for the purposes of long-term disability as:

> "TOTAL DISABILITY and TOTALLY DISABLED mean that because of Injury or Sickness:
>
> 1) the Person cannot perform the material and substantial duties of his regular occupation; and

  2) after benefits have been paid for 2 years, the Person cannot perform the material and substantial duties of any gainful occupation for which Person is reasonably fitted by training, education, or experience.

6) The Plaintiff became disabled, per the definitions set forth in the plan, on March 18, 2013. Plaintiff's disability is the result of restless leg syndrome, radiculopathy, migraines, atypical connective tissue disease, and chronic pain.

7) Plaintiff was approved for long-term disability benefits from AUL from June 16, 2013 through June 16, 2015. Plaintiff subsequently appealed to continue her long-term disability benefits, but was denied on January 27, 2016. Plaintiff again appealed to continue long-term disability benefits on November 16, 2016, but was notified on December 12, 2016, that she was again denied.

8) As part of her claim and appeal process, Plaintiff has submitted documentation from her physicians detailing the severity of her impairment. The documentation shows that her health conditions are of such severity that she is unable to sustain full time employment in any capacity.

9) Plaintiff remains unable to work in any type of occupation, and has exhausted all available administrative remedies.

## Count I:  Violations of the Employee Retirement Income Security Act

10) Plaintiff incorporates the preceding paragraphs of her Complaint as if set out in full.

11) This claim is brought under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover long term disability benefits, damages, and attorney's fees as may be recoverable under this code provision and 29 U.S.C. § 1132(g).  The plaintiff seeks to enforce her rights under the plan in question. The plan is an employee benefit plan that appears to be regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

12) Defendant AUL had a duty to pay benefits under the disability insurance coverage for which Plaintiff paid premiums.

13) As set forth previously in this Complaint, AUL wrongfully and unreasonably, and in violation of its obligations under ERISA, denied the Plaintiff's claim for long-term disability benefits.

WHEREFORE, the Plaintiff demands judgment against Defendant AUL as follows:

    a. For the sum of all past due long term disability benefits;

    b. For reinstatement of the Plaintiff's claim to disability benefits under the Plan;

    c. For an award of attorney's fees and expenses;

    d. For interest on all past due benefits;

    e. For such other further or different relief as may be just and proper under 29 U.S.C. § 1132(a)(1)(B).

       Respectfully submitted,

       <u>/s/ J. Zach Higgs, Jr. (ASB-8963-G64J)</u>
       Attorneys for Plaintiff
       HIGGS & EMERSON
       405 Franklin Street
       Huntsville, AL  35801
       (256) 533-3251 (phone)
       (256) 533-3265 (fax)
       higgs@higgsandemerson.com

Copy served upon:

American United Life Insurance Co.,
1 American Sq. #368
Indianapolis, IN 46282